

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

AUG 2 7 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN ROBERT DRISCOLL,          §
                               §
               Petitioner,     §
                               §
v.                             §      No. 4:12-CV-330-A
                               §
RICK THALER, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
               Respondent.     §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, John Robert Driscoll, a state
prisoner currently incarcerated in Huntsville, Texas, against
Rick Thaler, Director of the Texas Department of Criminal
Justice, Correctional Institutions Division, respondent. After
having considered the pleadings, state court records, and relief
sought by petitioner, the court has concluded that the petition
should be dismissed as time-barred.

### I.  Factual and Procedural History

On December 15, 1998, pursuant to a plea agreement,
petitioner pleaded guilty to possession with intent to deliver
methamphetamine of 4 grams or more, but less than 200 grams, a

first-degree felony, in the Criminal District Court Number One of Tarrant County, Texas, in cause number 0671538D, and was placed on ten years deferred adjudication community supervision. (01State Habeas R. at 61[1])  Petitioner did not appeal the deferred adjudication judgment; thus, the judgment became final under state law thirty days later on January 14, 1998.  *See* TEX. R. APP. P. 26.2(a)(1) trial); *Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed).

On November 9, 1999, the state filed a petition to proceed to adjudication of guilt based on petitioner's violations of certain terms and conditions of his community supervision. (02State Habeas R. at 36)  On the same date, petitioner pleaded true to the allegations in the petition and, pursuant to a plea agreement, the trial court assessed his punishment at 25 years' confinement.  (02State Habeas R. at 36-42)  Petitioner did not appeal the order adjudicating his guilt; thus, the judgment

---

[1]"01State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-49,530-01; "02State Habeas R." refers to the state court record in his state habeas application no. WR-49,530-02.

adjudicating guilt became final thirty days later on December 9, 1999.  (Pet. at 3)

Petitioner filed two state habeas applications challenging the 1998 plea proceedings and/or the 1999 adjudication proceedings.  The first was filed on March 14, 2001, and denied by the Texas Court of Criminal Appeals on the findings of the trial court on June 20, 2001.  (01State Habeas R. at cover, 2) The second was filed on June 2, 2011, and dismissed by the Texas Court of Criminal Appeals as successive on July 20, 2011. (02State Habeas R. at cover, 2)  This federal petition for habeas relief was filed on May 23, 2012, wherein petitioner challenges the original plea proceedings and adjudication proceedings in eight grounds.[2]  (Pet. Insert 7-14)  Respondent contends the petition is untimely.

## II.   Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of

---

[2]Typically, a pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Petitioner asserts in his petition that he placed the petition in the prison mailing system on April 19, 2012, but the envelope in which the petition was sent to this court reflects a postmark of May 21, 2012, and a return address for petitioner in Keller, Texas.  Because it appears petitioner sent the petition to a third party for filing, he is not given the benefit of the so-called prison mailbox rule.

limitations on federal petitions for writ of habeas corpus filed by state prisoners.   Section 2244(d) provides:

>      (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> >          (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> >          (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> >          (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> >          (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>      (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent petitioner's claims involve alleged facts or events relevant to the original plea proceedings, the one-year

limitations period began to run on the date the nonadjudication judgment became final upon expiration of the time that petitioner had for filing a notice of appeal in the state appellate court on January 14, 1999, and expired one year later on January 14, 2000, absent any applicable tolling. *Id.* § 2244(d)(1)(A).[3]

To the extent petitioner's claims involve alleged facts or events relevant to the adjudication proceedings, the one-year limitations period began to run on the date the judgment adjudicating guilt became final upon expiration of the time that petitioner had for filing a notice of appeal in the state appellate court on December 9, 1999, and expired one year later on December 9, 2000, absent any applicable tolling. *Id.*

Petitioner's state habeas applications filed in March 2001 and July 2011 after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional

---

[3]The record does not reflect that any unconstitutional "State action" impeded petitioner's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to petitioner's claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

5

circumstances that would justify tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. He merely argues that he has only recently "been made aware of the information to pursue legal recourse and took immediate action." (Pet. at 9; Pet'r Reply at 1) Ignorance of the law, unfamiliarity with filing deadlines, and *pro se* status do not constitute "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000). Lengthy, unexplained delays in pursuing state and federal habeas relief further mitigate against a finding that petitioner acted with due diligence in pursuing state and federal postconviction relief.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

6

dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED August ___27___, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE